The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR22-0058-JCC |
| Plaintiff, | |
| v. | ORDER OF FORFEITURE |
| MICHELE D. SHARAR, | |
| Defendant. | |

This matter comes before the Court on the United States' motion for an order of forfeiture ("Motion") (Dkt. No. 14) seeking to forfeit, to the United States, Defendant Michele D. Sharar's interest in the following property:

- A judgment for a sum of money in the amount of $2,144,551, representing the proceeds Defendant Michele D. Sharar obtained as a result of Wire Fraud, in violation of 18 U.S.C. §§ 1343 and 2.

Defendant has acknowledged that the forfeited sum is separate and distinct from the restitution ordered in this case. The United States has agreed, however, to ask the Attorney General to apply any amounts it collects toward satisfaction of the forfeited sum to the restitution that is ordered. The United States has further agreed that any amount Defendant pays toward restitution will be credited against the forfeited sum.

The Court, having reviewed the United States' Motion, as well as the other papers and pleadings filed in this matter, hereby FINDS entry of an Order of Forfeiture is appropriate for the following reasons:

- The proceeds of Wire Fraud, in violation of 18 U.S.C. §§ 1343 and 2, are forfeitable pursuant to 18 U.S.C. § 981(a)(1)(C), by way of 28 U.S.C. § 2461(c);
- In her Plea Agreement, Defendant agreed to forfeit, pursuant to 18 U.S.C. § 981(a)(1)(C) by way of 28 U.S.C. § 2461(c), the above-identified judgment for a sum of money as it represents the proceeds she obtained as a result of such offense, (Dkt. No. 8); and,
- This sum of money is personal to the Defendant; pursuant to Federal Rule of Criminal Procedure ("Fed. R. Crim. P.") 32.2(c)(1), no third-party ancillary process is required before forfeiting it.

NOW, THEREFORE, THE COURT ORDERS:

1. Pursuant to 18 U.S.C. § 981(a)(1)(C), by way of 28 U.S.C. § 2461(c), and her Plea Agreement, Defendant's interest in the above-identified judgment for a sum of money is fully and finally forfeited, in its entirety, to the United States;
2. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A)–(B), this Order will become final as to the Defendant at the time she is sentenced; it will be made part of the sentence; and it will be included in the judgment;
3. No right, title, or interest in the above-described sum of money exists in any party other than the United States;
4. Pursuant to Fed. R. Crim. P. 32.2(e), in order to satisfy this judgment for a sum of money, in whole or in part, the United States may move to amend this Order, at any time, to include substitute property having a value not to exceed this sum of money; and,
5. The Court will retain jurisdiction in this case for the purpose of enforcing this Order, as necessary.

IT IS SO ORDERED.

DATED this 1st day of July 2022.

*John C. Coughenour*
John C. Coughenour
UNITED STATES DISTRICT JUDGE