THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>MICHELE D. SHARAR,<br><br>　　　　　　Defendant. | CASE NO. CR22-0058-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's motion for compassionate release (Dkt. No. 35). Having thoroughly considered the briefing and the relevant record, the Court hereby DENIES Defendant's motion for the reasons explained herein.

In August 2022, Defendant pleaded guilty to one count of wire fraud. (Dkt. No. 8.) She admitted to using her position as a bookkeeper to embezzle roughly $2 million from her employer's business. (*Id*. at 5–6.)  Defendant had a Criminal History Category of I and a Total Offense Level of 22, with a guideline range of 41–51 months. (Dkt. No. 22.) On December 1, 2022, the Court sentenced Defendant to a sentence of twelve months and one day of imprisonment followed by three years of supervised release. (Dkt. No. 26.) The Court permitted Defendant to self-report, (Dkt. Nos. 25), which the Court later extended from January 19, 2023 to February 17, 2023. (Dkt. No. 33.) Defendant is currently serving her sentence at FCI Dublin and is set to be released in December 2023. (Dkt. Nos. 35 at 2, 40 at 2.)

Defendant, proceeding *pro se*, filed a motion for compassionate release on April 27, 2023. (Dkt. No. 35.) The basis of her motion is the alleged lack of medical care she is receiving in Dublin. (*Id*. at 7.) Defendant claims to "have received no medical services related to [her] continued health issues" including "congestive heart failure and pulmonary issues[.]" (*Id*.) According to Defendant's own admission, she has been seen by Bureau of Prisons ("BOP") medical staff on at least five different occasions. (*Id*.) She claims they are unable to "answer questions, assist with health plans or advise as to the status of referrals approved . . . for a cardiology and radiology appointment" and that the "medical service staff is unwilling to allow me to monitor my blood pressure." (*Id*.)

The Court may reduce a term of imprisonment if extraordinary and compelling reasons warrant a reduction, a defendant has exhausted his administrative rights of appeal with the BOP,[1] the defendant would not present a danger to the community,[2] and a reduction is consistent with the factors articulated in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A); United States Sentencing Guidelines ("USSG") § 1B1.13. Defendant bears the burden of making this showing. *United States v. Holden*, 452 F. Supp. 3d 964, 969 (D. Or. 2020).

Defendant argues that healthcare condition presents an extraordinary and compelling reason to reduce her sentence. (*See generally* Dkt. Nos. 35.) While the Court sympathizes with Defendant's condition, her situation does not provide an extraordinary and compelling reason warranting a reduction in sentence. First and foremost, by Defendant's own admission, she is receiving medical care in custody. (*Id*. at 7.) In fact, she has been seen by medical staff no less

---

[1] It is undisputed that Defendant has satisfied the exhaustion requirement. (Dkt. No. 40 at 4 n 1.) She presented a request for compassionate release to the warden of her BOP facility and waited 30 days before seeking relief from the Court. (*See* Dkt. No. 35 at 3).

[2] In *U.S. v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021), the Ninth Circuit recently held that the Sentencing Commission's policy statement on a reduction in sentence is not presently "applicable" to a motion for compassionate release brought by a defendant directly to the Court. Accordingly, the Court is not required to consider whether Defendant would present a danger to the community. *Id*. Regardless, the Court may do so if it so chooses. *Id*.

ORDER
CR22-0058-JCC
PAGE - 2

than five times in a span of under two months. (*Id*.) At these visits, providers (at least two of which were doctors) took Defendant's vitals, adjusted medications, administered an EKG, and gave her diet and lifestyle advice. (Dkt. No. 40 at 2.) Most notably, BOP records indicate that she is not suffering from any serious health conditions. (Dkt. No. 40 at 2.) While the Court is sympathetic to the circumstances Defendant describes, it must conclude that she has not established an extraordinary and compelling reason warranting a reduction in her sentence.

Accordingly, the Court DENIES Defendant's motion for compassionate release (Dkt. No. 35).

DATED this 30 day of May 2023.

John C. Coughenour
UNITED STATES DISTRICT JUDGE